UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELANIE HANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16CV152 HEA |
| | ) |
| | ) |
| NANCY A. BERRYHILL[1], | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401, *et seq*. and 1381,*et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## **Facts and Background**

On March 16, 2016, Administrative Law Judge Bradley Hanan conducted a hearing. Plaintiff and the Vocational Expert both appeared. Plaintiff was born on

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

April 21, 1977. She was 37 years old at the time of the hearing. Plaintiff did not complete high school; she has a GED. Plaintiff was working part time at a restaurant at the time of the hearing.

Plaintiff testified that she could not work because of pain and having to "run to the bathroom" between 6-16 times per day. She formerly used alcohol and illegal drugs, but had not used either in the last year. She has received three DUI charges, the last being in 2012.

Plaintiff testified she suffers from anxiety which causes her to have a racing heart, shortness of breath. She cannot concentrate and she becomes frustrated. These episodes last about 10 minutes and she has them a few times per week. Plaintiff also testified she has lupus which causes her to have burning rashes and pain in her joints. She experiences flare ups roughly every other day. She has been prescribed medication and uses a cream for her joints. Plaintiff testified she has migraine headaches. For the past few months, she had been getting migraines almost every day, and somewhat inconsistently, Plaintiff testified that that lasted one to three days. With respect to her Hepatitis C, Plaintiff testified she was advised to start taking Interferon, and that because it was caught early, it might be curable.

The ALJ determined that the record needed to be further developed regarding Plaintiff's mental assertions. He concluded that Plaintiff needed an internal examination as well as a psychological evaluation.

The ALJ also secured testimony of Ms. Young, a Vocational Expert. Ms. Young testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on January 5, 2016. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issue in this case is whether substantial evidence in the record supports the ALJ's evaluation of Plaintiff's subjective complaints and the medical opinion evidence.

**Standard for Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At

Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that

must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the onset date of January 1, 2012. The ALJ found at Step Two

that Plaintiff had the severe impairments of hepatitis C, obesity, asthma and depression.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that she was unable to climb ladders, ropes or scaffolds, could only occasionally climb ramps or stairs, stoop, kneel, crouch and crawl. She was unable to operate any foot control operations. Claimant must, however, avoid prolonged exposure to temperature extremes, chemicals, fumes, dusts, noxious odors, gases or poorly ventilated areas. Lastly the ALJ found Plaintiff is limited to jobs that involve only simple routine and repetitive tasks in a low stress job defined as requiring only occasional decision making and only occasional changes in the work setting.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

### A. Was there Substantial Evidence to Support the ALJ's Evaluation of Plaintiff's Impairments.

Plaintiff argues that the ALJ did not include all of her impairments in his evaluation. Although the ALJ concluded that Plaintiff did suffer from Crohn's disease, headaches, bunions, and lupus, none of these conditions cause more than minimal limitations in Plaintiff's ability to work. Because of the minimal limitations, the ALJ concluded that these conditions were not severe.

Plaintiff asserts the ALJ did not properly evaluate her credibility regarding her subjective complaints. A review of the record, and the finding of the ALJ relating to the record, finds this assertion unsupported.

The ALJ found that the statements of Plaintiff regarding her condition and consequences of same were inconsistent with the record as a whole. The determination of whether one is disabled considering all symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent

with the objective medical evidence and other evidence is within the role and function of the ALJ. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

The objective medical evidence, or lack thereof, is an important factor to consider in evaluating subjective complaints. Objective medical evidence is a useful indicator in making reasonable conclusions about the intensity and persistence of a claimant's symptoms and the effect those symptoms may have on a claimant's ability to work. *See* 20 C.F.R. § 404.1529(c)(2). Lack of objective medical evidence is a factor an ALJ may consider. *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004)(citations omitted). The ALJ noted a lack of objective medical evidence to support Plaintiff's claims. Her treatment history did not support the magnitude of Plaintiff's claims. The Court recognizes that an ALJ may not reject a claimant's subjective complaints solely for lack of objective medical evidence. He may, however, consider the absence of objective medical evidence supporting the degree of severity alleged. *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006); *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

Plaintiff reported working part time at the time of the hearing. Her medical records indicate that Plaintiff's migraine headaches improved with medication changes. Her bone density examination was "normal" for a person Plaintiff's age. She admitted smoking a pack to a pack and a half of cigarettes per day, and she

had no desire to quit smoking. She was prescribed medication for her chronic neck and back pain. Medication was also prescribed for her anxiety. Urine drug screening revealed d-amphetamines and methamphetamines in March, 2013.

In May, 2013, Plaintiff was referred back to the Inflammatory Bowel Disease clinic for diarrhea and abdominal pain; she had no followed up since September, 2011. She had again not followed up with the IBD clinic when she visited her primary care physician in July, 2013.

The ALJ ordered both a medical and psychological consultative examinations. Plaintiff had a normal range of motion in her neck, full grip strength and no swelling in her feet. She had normal station when sitting. No treating provider restricted Plaintiff in any way.

With regard to Plaintiff's psychological consult, Plaintiff was coherent in her speech; she had normal insight and judgment. The examiner concluded Plaintiff was functioning pretty well. It was also noted that Plaintiff's true intellectual capabilities were greater than indicated due to Plaintiff's less than optimal motivation/interest.

The objective evidence in the record did not support so many of the subjective complaints of the Plaintiff. Plaintiff was often noncompliant with physicians' instructions. The record reflects Plaintiff did not avail herself of ways to improve her health, for example, the failure to attempt to quit smoking. "If an

impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) (quoting *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009)). The ALJ appropriately found that Plaintiff's non-efforts to improve her health detract from the credibility of her subjective complaints.

The ALJ considered the nature and extent of Plaintiff's activities of daily living in assessing her subjective complaints (Tr. 22). *See* 20 C.F.R. § 404.1529(c)(3)(i). In a Function Report, Plaintiff indicated that she was independent in personal care (Tr. 190). She stated she could prepare full meals. She also cleaned and did laundry. She could drive a car, and her lack of a driver's license was due to three DUI's rather than due to her impairments. Plaintiff also reported that she shopped and was able to maintain her own grooming and hygiene. Overall, the ALJ found Plaintiff's reported activities of daily living inconsistent with her allegations of debilitating pain (Tr. 22). *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (reasons for discounting credibility were supported by substantial evidence when, among other factors, Plaintiff "was not unduly restricted in his daily activities, which included the ability to perform some cooking, take care of his dogs, use a computer, drive with a neck brace, and shop for groceries with the use of an electric cart.").

The ALJ properly considered Plaintiff's alleged symptoms and pain and substantial evidence supported the credibility finding. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001) ("As long as substantial evidence in the record supports the Commissioner's decision, [the court] we may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.").

**B. Was There Substantial Evidence to Support the ALJ Evaluation of Medical Opinion Evidence?**

In order to formulate the RFC the ALJ considered and discussed the opinions of the non-examining state agency psychologist Sherry Bassi, PhD. Dr. Bassi was of the opinion that Plaintiff was only mildly limited in her daily activities and social functioning. She had no more than moderate restrictions in her ability to concentrate, and in persistence and pace. Plaintiff had experienced no episodes of decompensation and could follow simple instructions. She could make basic work decisions.

Pursuant to the Commissioner's rules and regulations, a state agency medical consultant is a highly qualified physician whose expert opinions cannot be ignored. SSR 96–6P, 1996 WL 374180, *2 (July 2, 1996). *See also Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014). In appropriate circumstance, an ALJ may give opinions of non-examining medical experts greater weight than the opinions of treating or examining sources. *See Ponder v. Colvin*, 770 F.3d 1190,

1195 (8th Cir. 2014). Dr. Bassi's opinion was consistent with the clinical signs and findings.

The ALJ also considered the opinion of Dr. Kimberly Buffkins. Dr. Buffkins conducted the consultative psychological examination of Plaintiff after the hearing. Plaintiff could remember, understand and carry out simple instruction and was only mildly limited in her ability to handle work-related instructions. She could not respond to change in a routine work setting, nor could she handle complex decision making. These limitations we3re incorporated by the ALJ in his RFC determination.

With regard to Plaintiff's medical condition, the ALJ considered and incorporated Dr. Montgomery's consultative examination findings. Plaintiff is able to withstand the demands of sedentary work.

The ALJ, without question, considered all the evidence in formulating Plaintiff's RFC and articulated sound reasons for discounting the some medical source opinions and subjective complaints that were not consistent with the record as a whole. Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence, including Plaintiff's testimony of what activities she was capable of performing on a daily basis.

### C. Does the Hypothetical Question posed to the Vocational Expert Capture the Concrete Consequences of Plaintiff's Impairment

In determining whether a claimant can perform any work in the national

Economy, the ALJ need only pose a hypothetical question that includes those impairments that he finds credible and supported by the record. *Smith*, 756 F.3d at 627; *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). Based on his analysis of the record as a whole and Plaintiff's RFC, which was based on medical evidence, the ALJ's hypothetical question was proper. He included in his determination of whether there exists jobs in the national economy those limitations found to be credible. Based on the Dictionary of Occupational Titles, there were jobs Plaintiff could perform. As such, Plaintiff was properly determined to be not disabled.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 20th day of March, 2017.

                                              _____
                                                HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE